McGREGOR W. SCOTT
United States Attorney
ROBERT J. ARTUZ
Special Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>                    v.<br><br>JOHNATHON WARD,<br><br>                              Defendant. | CASE NO.  2:19-CR-0129-MCE<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER<br><br>DATE: July 23, 2020<br>TIME: 10:00 a.m.<br>COURT: Hon. Morrison C. England, Jr. |

This case was originally set for a status conference on June 11, 2020.  On June 4, 2020, the Court on its own motion continued the status conference to July 23, 2020.  ECF 57.  On May 28, 2020, defense attorney Mark Reichel filed a request to substitute himself for Defendant Johnathon Ward's present counsel, Tasha Chalfant.  ECF 56.  As of the date of this stipulation, the Court has not issued an order making that substitution.  The government and defendant's current counsel, Tasha Chalfant (the "parties"), now seek to exclude time under the Speedy Trial Act to allow additional time for the defendant to obtain new counsel.  The parties submitted a previous request on the same grounds that resulted in a time exclusion only through June 25, 2020.  ECF 63.

On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice."  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district

judges to continue all criminal matters to a date after May 2, 2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

Although the General Orders and declarations of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [2]  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for status on July 23, 2020.

2.      By this stipulation, defendant now moves to exclude time between June 25, 2020, and July 23, 2020, under 18 U.S.C. § 3161(h)(7)(A), B(iv) to allow the defendant reasonable time to obtain new counsel and for new counsel to familiarize himself/herself with the case [Local Code T4].

3.      The parties agree and stipulate, and request that the Court find the following:

a)      Counsel for the defendant has represented that she is no longer operating as defendant's counsel because the defendant has requested and is awaiting appointment of new counsel.  Currently, counsel for defendant estimates that the substitution may take at least another 14 days.

b)      Counsel for defendant believes that failure to grant the above-requested time exclusion would deny the defendant reasonable time to obtain new counsel, taking into account the exercise of due diligence.

c)      The government joins in the request for a time exclusion.

d)      In addition to the public health concerns cited by the General Orders and declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

ends-of-justice delay is particularly apt in this case because defendant's counsel has relayed that new counsel has been delayed in obtaining consent for his appointment in part because of the COVID-19 pandemic and visitation restrictions at the jail where the defendant is detained.

e)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of June 25, 2020, to July 23, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1    4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the

2    Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

3    must commence.

4        IT IS SO STIPULATED.

5    Dated:  June 24, 2020                    McGREGOR W. SCOTT
                                              United States Attorney
6

7                                            /s/ ROBERT J. ARTUZ
                                             ROBERT J. ARTUZ
8                                            Special Assistant U.S. Attorney

9

10   Dated:  June 24, 2020                    /s/ TASHA CHALFANT
                                              TASHA CHALFANT
11                                            Counsel for Defendant
                                              JOHNATHON WARD
12                                 **ORDER**

13       IT IS SO ORDERED.

14   Dated:  June 26, 2020

15

16                                            _____
                                             MORRISON C. ENGLAND, JR.
17                                            UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28