McGREGOR W. SCOTT
United States Attorney
ROBERT J. ARTUZ
Special Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>                    v.<br><br>JOHNATHON WARD, and<br>SABRINA RAYLENE TOILOLO,<br><br>                              Defendants. | CASE NO.  2:19-CR-0129-MCE<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: September 24, 2020<br>TIME: 10:00 a.m.<br>COURT: Hon. Morrison C. England, Jr. |

        This case was previously set for a status conference on September 24, 2020.  The government and defendants' current counsel -- Mark Reichel for Johnathon Ward and Candice Fields for Sabrina Raylene Toilolo -- (the "parties") now seek to continue the status conference to October 29, 2020, and exclude time under the Speedy Trial Act and Local Code T4 for defense preparation.

        On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice."  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021.[1]  This and previous General Orders,

///

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

1  as well as the declarations of judicial emergency, were entered to address public health concerns related

2  to COVID-19.

3         Although the General Orders and declarations of emergency address the district-wide health

4  concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

5  "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

6  findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-

7  record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such

8  failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153

9  (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit

10 findings on the record "either orally or in writing").

11        Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

12 and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial

13 emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the

14 judge granted such continuance on the basis of his findings that the ends of justice served by taking such

15 action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C.

16 § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of

17 the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

18 such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

19        The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

20 18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address

21 continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

22 discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-

23 week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d

24 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.

25 *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to

26 exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

27 The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated

28 by the statutory rules.

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1    In light of the societal context created by the foregoing, this Court should consider the following

2    case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

3    justice exception, § 3161(h)(7) (Local Code T4). [2]  If continued, this Court should designate a new date

4    for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

5    pretrial continuance must be "specifically limited in time").

6                                              **STIPULATION**

7    Plaintiff United States of America, by and through its counsel of record, and defendant, by and

8    through defendant's counsel of record, hereby stipulate as follows:

9    1.    By previous order, this matter was set for status on September 24, 2020.

10    2.    By this stipulation, defendants now move to continue the status conference to October 29,

11    2020, and exclude time between September 24, 2020, and October 29, 2020, under 18 U.S.C.

12    § 3161(h)(7)(A), B(iv) [Local Code T4].

13    3.    The parties agree and stipulate, and request that the Court find the following:

14        a)    The government has represented that the discovery associated with this case

15    includes over 110 GB of electronic documents including well over 11,500 of pages of police

16    reports, search warrant returns, subpoena returns, cellphone extractions, photographs, and

17    bank/financial records, as well as several hundred audio/video files.  All of this discovery has

18    been either produced directly to counsel and/or made available for inspection and copying.

19        b)    Counsel for Defendants Johnathon Ward and Sabrina Toilolo ("defendants") were

20    recently appointed and desire additional time to review the current charges, review discovery,

21    conduct research and investigation into the charges and alleged acts, consult with their clients,

22    and otherwise prepare for trial.

23        c)    At this time, the defendants have no objection to the Court's continuance of the

24    status conference to October 29, 2020, and agree that such a continuance is necessary for

25    effective preparation as outlined below.

26    ///

27

28    _____

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1    d)    Counsel for defendants believe that the Court's continuance will provide them

2    reasonable time necessary for effective preparation, taking into account the exercise of due

3    diligence.

4    e)    The government does not object to the continuance.

5    f)    In addition to the public health concerns cited by the General Orders and

6    declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an

7    ends-of-justice delay is particularly apt in this case because defendants' counsel have relayed

8    that they have been delayed in consulting with defendants due to the COVID-19 pandemic and

9    visitation restrictions at the jail where the defendants are detained.

10    g)    Based on the above-stated findings, the ends of justice served by continuing the

11    case as requested outweigh the interest of the public and the defendants in a trial within the

12    original date prescribed by the Speedy Trial Act.

13    h)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

14    et seq., within which trial must commence, the time period of September 24, 2020, to October

15    29, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local

16    Code T4] because it results from a continuance granted by the Court at defendant's request on

17    the basis of the Court's finding that the ends of justice served by taking such action outweigh the

18    best interest of the public and the defendants in a speedy trial.

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

1   4.  Nothing in this stipulation and order shall preclude a finding that other provisions of the

2 Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

3 must commence.

4   IT IS SO STIPULATED.

5

6 Dated:  September 21, 2020     McGREGOR W. SCOTT
             United States Attorney

7

8             /s/ ROBERT J. ARTUZ
             ROBERT J. ARTUZ
             Special Assistant U.S. Attorney

9

10 Dated:  September 21, 2020     /s/ MARK REICHEL

11             MARK REICHEL
             Counsel for Defendant

12             JOHNATHON WARD

13 Dated:  September 21, 2020     /s/ CANDICE FIELDS

14             CANDICE FIELDS
             Counsel for Defendant

15             SABRINA RAYLENE TOILOLO

16

17        **FINDINGS AND ORDER**

18   IT IS SO ORDERED.

19

20 Dated:  September 21, 2020

21

22             MORRISON C. ENGLAND, JR.
             SENIOR UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28