LAW OFFICE OF TODD D. LERAS
Todd D. Leras, CA SBN 145666
455 Capitol Mall, Suite 802
Sacramento, California 95814
(916) 504-3933
toddleras@gmail.com
Attorney for Defendant
JOHNATHON WARD

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>JOHNATHON WARD,<br><br>        Defendant. | Case No.: 2:19-cr-129 DAD<br><br>STIPULATION REGARDING USE OF VIDEOCONFERENCING DURING PLEA HEARING; FINDINGS AND ORDER<br><br>Date:      November 8, 2022<br>Time:     9:00 a.m.<br>Court:    Hon. Dale A. Drozd |

      Defendant Johnathon Ward is charged by Superseding Indictment with Conspiracy to Commit Wire Fraud (Count One), seven counts of Wire Fraud (Counts Two through Eight), and Aggravated Identity Theft (Count Thirteen). On November 8, 2022, Defendant Ward intends to plead guilty to Count One pursuant to the terms of a written plea agreement.

      Defendant Ward is currently housed at the Central Valley Annex ("CVA"), in McFarland, California. CVA is approximately 250 miles from the Matsui Federal Courthouse in

ORDER RE USE OF VIDEOCONFERENCING
DURING CHANGE OF PLEA HEARING

downtown Sacramento.  Defendant Ward requests to proceed with his change of plea hearing via videoconferencing to avoid transportation to Sacramento.  Transportation from CVA requires that Mr. Ward be quarantined upon his arrival at the Sacramento County Main Jail and quarantined yet again when returned to CVA.  Mr. Ward wishes to avoid these quarantine periods and eliminate potential exposure to the coronavirus during transportation.

On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act").  The CARES Act empowered the Judicial Conference of the United States and Chief District Judges to authorize plea and sentencing hearings by video or telephone conference 1) when such hearings "cannot be conducted in person without seriously jeopardizing public health and safety;" and 2) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice."  *Id.*, Pub.L. 116-23 § 15002(b)(2).

On March 29, 2020, the Judicial Conference of the United States made the findings required by the CARES Act,  concluding that "emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with  respect to the Coronavirus Disease 2019 (COVID-19) have materially affected and will materially affect the functioning of the federal courts generally:

On March 30, 2020, the Chief Judge of this District, per General Order 614, also made the findings required by the CARES Act:  "[F]elony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety."  The Chief Judge has periodically extended the findings in General Order 614 to authorize district judges to permit change of plea and sentencing hearings to take place via

ORDER RE USE OF VIDEOCONFERENCING
DURING CHANGE OF PLEA HEARING

videoconferencing through General Orders 620, 624, 628, 630, 632, 635, 640, 649, 652, and 655. The most recent order, General Order 655, issued September 20, 2022, extended all authorizations originally issued under General Order 614 for another 90 days, unless terminated earlier.

In order to authorize plea hearings by remote means, however, the CARES Act, as implemented by General Order 614 and succeeding general orders – also required district courts in individual cases to "find, for specific reasons, that felony pleas or sentencings in those cases cannot be further delayed without serious harm to the interests of justice." General Order 655 empowers each district judge to determine whether to proceed via videoconferencing. Finally, the remote proceeding must be conducted by videoconference unless "videoconferencing is not reasonably available." In such cases, district courts may conduct hearings by teleconference.

The parties hereby stipulate and agree that each of the requirements of the CARES Act and General Orders 614 and ensuing General Orders up to and including General Order 655 have been satisfied in this case. They request the Court enter an order making the specific findings required by the CARES Act and General Orders 614 and ensuing General Orders up to and including General Order 655. Specifically, for the reasons set forth below, the parties agree that:

1. The change of plea hearing in this case cannot be further delayed without serious harm to the interest of justice, given continuing public health risks resulting from dispersal and ensuing transportation/quarantine of defendants held in pre-trial detention at remote facilities within the Eastern District of California. Proceeding with the change of plea hearing via videoconferencing also expedites resolution of this case, which was indicted in 2019, thereby helping to ease the backlog of cases in this district;

2. The defendant waives his physical presence at the hearing and consents to remote hearing

ORDER RE USE OF VIDEOCONFERENCING
DURING CHANGE OF PLEA HEARING

by videoconference and counsel joins in that waiver.

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and Defendant Johnathon Ward, by and through his counsel of record, hereby stipulate as follows:

1. California Governor Gavin Newsom declared a Proclamation of a State of Emergency to exist in California on March 4, 2020.

2. On March 13, 2020, former President Donald J. Trump issued a proclamation declaring a National Emergency in response to the COVID-19 pandemic.

3. The Centers for Disease Control and Prevention (CDC) and other public health authorities, in evolving efforts to slow the spread of COVID-19 during the past 30-months, have suggested that the public avoid social gatherings in groups of more than 10 people and practice social distancing (within about six feet) between individuals. Transportation of in custody defendants from remote locations to Sacramento for court proceedings impinges on these social distancing recommendations.

4. The social distancing guidelines – which continue to be important in combatting spread of the virus – are generally considered as desirable prophylactic measures against future outbreaks. This Court has therefore issued General Orders 614, 620, 624, 628, 630, 632, 635, 640, 649, 652, and 655, authorizing each district judge to allow changes of plea and sentencing hearings to occur via videoconferencing.

5. On April 16, 2020, the Judicial Council of the Ninth Circuit declared a judicial emergency in this District pursuant to 18 U.S.C. § 2174(d), based on the District's "critically low resources across its heavy caseload." The report accompanying the Judicial Council's declaration analyzed the public safety dangers associated with the

ORDER RE USE OF VIDEOCONFERENCING
DURING CHANGE OF PLEA HEARING

COVID-19 pandemic and examined how the District's caseload (the District currently ranks first in the Ninth Circuit and eight nationally in weighted findings) and its shortage of judicial resources.

6. Given these facts, it is essential that Judges in this District resolve as many matters as possible via videoconference and teleconference during the continuing COVID-19 pandemic. By holding these hearings by videoconference, this District will be in a better position to work through the backlog of criminal and civil matters.

7. The change of plea hearing in this case accordingly cannot be further delayed without serious harm to the interests of justice. If the Court were to require transportation of Mr. Ward from CVA to Sacramento, it would unnecessarily expose Mr. Ward to individuals outside of CVA who may be infected with the coronavirus.

8. Under CARES Act § 15002(b), Defendant Johnathon Ward consents to proceed with his change of plea hearing by video-teleconference. Counsel joins in this consent. Assistant U.S. Attorney Robert Artuz has reviewed this stipulation and authorized (via email) Todd D. Leras to sign it on his behalf.

IT IS SO STIPULATED.

DATED: October 25, 2022                PHILLIP A. TALBERT
                                        United States Attorney

                                        By   */s/ Todd D. Leras for*
                                           ROBERT ARTUZ
                                           Assistant United States Attorney

DATED: October 25, 2022

                                        By   */s/ Todd D. Leras*
                                           TODD D. LERAS
                                           Attorney for Defendant
                                           JOHNATHON WARD

ORDER RE USE OF VIDEOCONFERENCING
DURING CHANGE OF PLEA HEARING

**[PROPOSED] FINDNGS AND ORDER**

1. The Court adopts the findings and stipulations above.

2. Further, the Court specifically finds that:

   a) The plea hearing in this case cannot be further delayed without serious harm to the interests of justice.

   b) The defendant has waived his physical presence at the hearing and consents to remote hearing by videoconference; and

3. Therefore, based on the findings above, and under the Court's authority under § 15002(b) of the CARES Act and General Orders 614, 620, 624, 628, 630, 632, 635, 640, 649, 652, and 655, the change of plea hearing in this case will be conducted by videoconference.

IT IS SO ORDERED.

Dated: **October 28, 2022**    _Dale A. Drozd_
UNITED STATES DISTRICT JUDGE

ORDER RE USE OF VIDEOCONFERENCING
DURING CHANGE OF PLEA HEARING